UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

INES CALIXTO,

                                      Plaintiff,

         -against-

CITY OF NEW YORK, WILKIS CESPEDES, Individually,
RICHARD RODRIGUEZ, Individually, FRANCISCO
DELASSANTOS, Individually, and JOHN DOE 1 through 5,
Individually (the name John Doe being fictitious, as the true
names are presently unknown),

                                 Defendants.

--------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

15 CV 6676
(RJD) (RLM)

<u>Jury Trial Demanded</u>

       Plaintiff INES CALIXTO, by her attorneys, Brett H. Klein, Esq., PLLC, complaining of

the defendants, respectfully alleges as follows:

## **<u>Preliminary Statement</u>**

       1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## **<u>JURISDICTION</u>**

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff INES CALIXTO is a fifty-two-year-old Hispanic woman residing in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, WILKIS CESPEDES, RICHARD RODRIGUEZ, FRANCISCO DELASSANTOS, and JOHN DOE 1 through 5, were duly sworn police officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

2

regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the CITY OF NEW YORK.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On August 24, 2014, at approximately 1:00 a.m., plaintiff INES CALIXTO was lawfully in front of her home located at 5709 Fifth Avenue, Brooklyn, New York, when defendant NYPD officers Detective WILKIS CESPEDES, Officer RICHARD RODRIGUEZ, and Sergeant FRANCISCO DELASSANTOS approached the location.

13.     Upon approaching, defendant RODRIGUEZ unjustifiably grabbed and pushed Ms. CALIXTO, causing her to fall to the sidewalk, injuring her head, face, hands, knees, and body.

14.     As a result of RODRIGUEZ'S unreasonable use of excessive and unnecessary force, plaintiff suffered physical injuries, including abrasions, bruising, and swelling to her face, mouth, nose, hands and knees.

15.     Although plaintiff had not committed any crime or offense, plaintiff was thereafter falsely arrested by a defendant officer in the presence of the other defendant officers, and then transported to the 72nd police precinct stationhouse and imprisoned therein.

16.     Plaintiff was released later that morning with a desk appearance ticket compelling her appearance at the Red Hook Community Justice Center, a New York City Criminal Court, on November 17, 2014.

3

17.    Ms. CALIXTO appeared in court on November 17, 2014 as required, and was informed that the Kings County District Attorney ("KCDA") had not filed charges against her. All purported charges conveyed to prosecutors by the defendant NYPD officers were in fact sealed and otherwise deemed a legal nullity via the KCDA's determination to decline prosecution based on the defendants' purported version of the incident.

18.    Defendant NYPD officers WILKIS CESPEDES, RICHARD RODRIGUEZ, FRANCISCO DELASSANTOS, and JOHN DOE 1 through 5, were present for the above described constitutional violations and either directly participated in them and/or failed to intervene despite a reasonable opportunity to do so.

19.    Defendant NYPD officers WILKIS CESPEDES, RICHARD RODRIGUEZ, FRANCISCO DELASSANTOS, and JOHN DOE 1 through 5 owed a duty to plaintiff to ensure her safety and to not arrest her without probable cause.

20.    Defendant NYPD officers WILKIS CESPEDES, RICHARD RODRIGUEZ, FRANCISCO DELASSANTOS, and JOHN DOE 1 through 5, breached their duty to plaintiff when they endangered her safety and thereafter arrested her without probable cause, resulting in plaintiff sustaining physical injuries and loss of liberty.

21.    Defendant Sergeant FRANCISCO DELASSANTOS supervised defendants WILKIS CESPEDES, RICHARD RODRIGUEZ, and JOHN and JANE DOE 1 through 5, and approved of, oversaw, and was otherwise personally oversaw the use of force and arrest of the plaintiff.

22.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening,

4

hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or practice of: subjecting individuals to excessive force; falsely arresting individuals in an attempt to justify their use of excessive force; and engaging in a practice of falsification and manufacturing evidence in an attempt to justify their use of excessive force and their false arrest.

23.     The existence of the aforesaid unconstitutional customs and policies, and lack of training and supervision, may be inferred from repeated occurrences of similar wrongful conduct by the NYPD generally, and by officers in the 72nd Precinct in particular, as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York, as well as in New York State courts, as well as notices of claims filed with the CITY OF NEW YORK, complaints filed with the NYPD's Internal Affairs Bureau and the CITY OF NEW YORK'S Civilian Complaint Review Board, media coverage, and investigations conducted by the NYPD.

24.     For example, with respect to the custom and practice of using excessive force, and the pervasive lack of adequate training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD conducted an investigation into uses of force by the NYPD, and issued a report on October 1, 2015, available on the City of New York's website                                                                                          at http://www.nyc.gov/html/oignypd/assets/downloads/pdf/oig_nypd_use_of_force_report_-_oct_1_2015.pdf.  Said report acknowledged that between the years of 2010 and 2014, the Civilian Complaint Review Board substantiated 179 force cases.  The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise, providing little

guidance to individual officers on what actions constitute force." The report further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.

25.     Furthermore, as to falsification by NYPD officers, in another civil rights action filed in this District involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

26.     Moreover, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

27.     For instance, the CITY OF NEW YORK is aware that defendant CESPEDES has previously been sued for using excessive use of force and for making an alleged false arrest in the matter of *Jose Alvarez v. City of New York, et al.*, 13 CV 6242 (CBA) (VVP), and that defendants RODRIGUEZ and DELASSANTOS have also been previously sued for excessive force and false arrest in the matter of *Sandra Amezquita, et al. v. City of New York, et al.*, 15 CV 0303 (ILG) (SMG). Moreover, the CITY OF NEW YORK is aware from letters to and meetings with the NYPD Commissioner, as well as through media coverage, that officers from the 72nd Precinct have been the subject of repeated complaints regarding use of force. *See e.g.*

https://www.facebook.com/notes/carlos-menchaca/letter-to-nypd-commissioner-bratton-on-police-community-relations-in-sunset park/769011553141223/; http://www.brooklyneagle.com/articles/2014/9/26/sunset-park-residents-march-72nd-precinct.

28.     Despite the above described notice, defendant CITY OF NEW YORK has failed to take correction action.  This failure caused the officers in the present case to violate plaintiff's civil rights.

29.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30.     All of the aforementioned acts deprived plaintiff INES CALIXTO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

33.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34.    As a result of the foregoing, plaintiff INES CALIXTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Federal Claims

## AS AND FOR A FIRST CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

35.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.    The level of force employed by defendant RICHARD RODRIGUEZ was excessive, objectively unreasonable, and otherwise in violation of plaintiff INES CALIXTO'S constitutional rights.

37.    As a result of the aforementioned conduct of defendant RICHARD RODRIGUEZ, plaintiff INES CALIXTO was subjected to excessive force and sustained physical and emotional injuries.

38.    As a result of the foregoing, plaintiff INES CALIXTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

39.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants WILKIS CESPEDES, RICHARD RODRIGUEZ, FRANCISCO DELASSANTOS, and JOHN DOE 1 through 5 arrested plaintiff INES CALIXTO without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

41.     Defendants caused plaintiff INES CALIXTO to be falsely arrested and unlawfully imprisoned.

42.     As a result of the foregoing, plaintiff INES CALIXTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants WILKIS CESPEDES, RICHARD RODRIGUEZ, FRANCISCO DELASSANTOS, and JOHN DOE 1 through 5 had an affirmative duty to intervene on behalf of plaintiff INES CALIXTO, whose constitutional rights were being violated in their presence by other officers.

45.     The defendants failed to intervene to prevent the unlawful conduct described herein.

46.     As a result of the foregoing, plaintiff INES CALIXTO was subjected to excessive force, put in fear of her safety, and falsely arrested.

9

47.     As a result of the foregoing, plaintiff INES CALIXTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Supervisory defendant FRANCISCO DELASSANTOS personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

49.     As a result of the foregoing, plaintiff INES CALIXTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

50.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

52.      The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff INES CALIXTO'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

53.      The aforementioned customs, policies, usages, practices, procedures and rules of the NYPD also included, but were not limited to: subjecting individuals to excessive force; falsely arresting individuals in an attempt to justify their use of excessive force; and engaging in a practice of falsification/manufacturing evidence in an attempt to justify their use of excessive force and their false arrest.

54.      The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD constituted deliberate indifference to the safety, wellbeing, and constitutional rights of plaintiff INES CALIXTO.

55.      The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff INES CALIXTO as alleged herein.

56.      The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD were the moving force behind the Constitutional violations suffered by plaintiff INES CALIXTO as alleged herein.

57.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD, plaintiff INES CALIXTO was subjected to excessive force and false arrest.

58.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff INES CALIXTO'S constitutional rights.

59.     All of the foregoing acts by defendants deprived plaintiff INES CALIXTO of federally protected rights, including, but not limited to, the right:

(A)     Not to be deprived of liberty without due process of law;

(B)     To be free from false arrest/unlawful imprisonment;

(C)     To be free from excessive force; and

(D)     To be free from the failure to intervene;

60.     As a result of the foregoing, plaintiff INES CALIXTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## **Supplemental State Law Claims**

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

63.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

64.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

65.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

66.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

67.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Defendants WILKIS CESPEDES, RICHARD RODRIGUEZ, FRANCISCO DELASSANTOS, and JOHN DOE 1 through 5 arrested plaintiff INES CALIXTO without probable cause.

69.     Defendants detained plaintiff INES CALIXTO against her will for an extended period of time and subjected to physical restraints.

70.     As a result of the aforementioned conduct, plaintiff INES CALIXTO was unlawfully imprisoned in violation of the laws of the State of New York.

71.     As a result of the aforementioned conduct, plaintiff INES CALIXTO suffered physical pain and mental anguish, together with embarrassment, humiliation, shock, fright, and loss of freedom.

72.     The individually named defendants assaulted plaintiff.   Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

73.     As a result of the foregoing, plaintiff INES CALIXTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Defendants WILKIS CESPEDES, RICHARD RODRIGUEZ, FRANCISCO DELASSANTOS, and JOHN DOE 1 through 5 placed plaintiff INES CALIXTO in apprehension of imminent harmful and offensive bodily contact.

76.     As a result of defendants' conduct, plaintiff INES CALIXTO was placed in apprehension of imminent harmful and offensive bodily contact and has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

77.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

78.     As a result of the foregoing, plaintiff INES CALIXTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

79.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Defendant RICHARD RODRIGUEZ made offensive contact with plaintiff INES CALIXTO without privilege or consent.

81.     As a result of defendant RODRIGUEZ's conduct, plaintiff INES CALIXTO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

82.     Defendant City, as employer defendant RODRIGUEZ, is responsible for said officer's wrongdoing under the doctrine of *respondeat superior*.

83.     As a result of the foregoing, plaintiff INES CALIXTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

84.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in subjecting plaintiff INES CALIXTO to excessive force and false arrest.

15

86.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

87.     As a result of the foregoing, plaintiff INES CALIXTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who participated in subjecting plaintiff INES CALIXTO to excessive force and false arrest.

90.     As a result of the foregoing, plaintiff INES CALIXTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

16

92.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

93.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' negligence under the doctrine of *respondeat superior*.

94.     As a result of the foregoing, plaintiff INES CALIXTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

95.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     As a result of defendants' conduct, plaintiff INES CALIXTO was deprived of her right to security against unreasonable searches, seizures, and interceptions.

97.     As a result of the foregoing, plaintiff INES CALIXTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff INES CALIXTO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
        August 19, 2016

                                BRETT H. KLEIN, ESQ., PLLC
                                Attorneys for Plaintiff INES CALIXTO
                                305 Broadway, Suite 600
                                New York, New York 11201
                                (212) 335-0132


                                By:     /s/ Brett Klein_____
                                        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

INES CALIXTO,

         Plaintiff,

                 15 CV 6676
  -against-            (RJD) (RLM)

CITY OF NEW YORK, WILKIS CESPEDES, Individually,
RICHARD RODRIGUEZ, Individually, FRANCISCO
DELASSANTOS, Individually, and JOHN DOE 1 through 5,
Individually (the name John Doe being fictitious, as the true
names are presently unknown),

         Defendants.

--------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132